1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN E. PORTER,<br>CDCR #V-403011,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GEORGE NEOTTI, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.　　11cv1050 BTM (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(ECF No. 11]** |

**I.　　Procedural Background**

Plaintiff commenced this action *pro se* on May 12, 2011. On September 22, 2011, Plaintiff filed a request for injunctive relief (ECF No. 11) seeking an order requiring that special needs yard ("SNY") inmates at the Richard J. Donovan Correctional Facility ("RJD") have the opportunity to prepare their own food (id. at 13), and preventing "the defendants from denying emergency medical care, . . . retaliat[ing] by delaying legal mail, [conducting] unwarranted cell searches and body [searches], and illegal[ly] confiscat[ing] personal property, where the only intent is to harass" (id. at 2).

The Court construed this filing as a request for both an application for a temporary restraining order ("TRO") and motion for a preliminary injunction. In opposition to the requests for injunctive relief, Defendants argued that Plaintiff could not show a likelihood of success on

the merits of his claims because he had failed to exhaust his administrative remedies.

On November 22, 2011, the Court held a hearing on Plaintiff's requests for a TRO and a preliminary injunction, at which Plaintiff stated that he has been and continues to be unable to exhaust his grievances because prison officials "falsely screened out" his appeals. On December 15, 2011, the Court entered an order denying Plaintiff's request for a temporary restraining order based on his failure to exhaust, and set an evidentiary hearing for December 28, 2011, to determine whether Plaintiff's administrative remedies were effectively unavailable to him. (Doc. 68.)

Following the December 28, 2011 evidentiary hearing, the Court entered an order on January 19, 2012, setting forth its findings that "there is a blockage preventing [the RJD appeals coordinator] from receiving Mr. Porter's properly-submitted food-contamination grievances" and that "Mr. Porter's administrative remedies are 'effectively unavailable[.]'" (Doc. 85 at 7.) The Court held that "Mr. Porter is excused from the exhaustion requirement with respect to his claim that the food of the SNY inmates at RJD has been and continues to be contaminated . . . . [Mr. Porter has also] exhausted his claim that he has received inadequate medical attention for health problems resulting from allegedly contaminated food." (Id. at 8.) The Court ordered a hearing on Plaintiff's request for a preliminary injunction.

Following the January 19, 2012 order, the Court appointed pro bono counsel for Plaintiff. On February 15, 2012, Attorney Marc S. Bragg noticed an appearance on behalf of Plaintiff.

After some discovery on the issues relating to the preliminary injunction hearing and the submission to the Court of a voluminous documentary record--including affidavits from prisoners and prison officials, as well as medical records for Plaintiff and other prisoners-- Defendants informed the Court that RJD had assigned SNY inmates to RJD's kitchen facility, thereby eliminating any need for an injunction requiring RJD to allow SNY inmates to prepare their own food. Following a status conference, the Court entered an order on April 3, 2012, denying without prejudice Plaintiff's request for a preliminary injunction requiring that SNY inmates at RJD have the opportunity to prepare their own food. (ECF No. 118 at 2.) The Court removed from its calendar the evidentiary hearing on the Plaintiff's motion for a preliminary

injunction, and set forth a briefing schedule for supplemental briefing on Plaintiff's request for a preliminary injunction regarding his claim for inadequate medical attention. (Id.)

Plaintiff filed additional briefing in support of his request for a preliminary injunction (ECF No. 119) to which Defendants have filed an Opposition (ECF No. 127.)

## II.    Plaintiff's Motion for Injunctive Relief

In his additional briefing, Plaintiff claims that Defendants have failed to provide timely medical care in emergency situations and have a continuous pattern of failing to properly treat Plaintiff's medical condition. (ECF No. 119 at 2.) Plaintiff seeks injunctive relief in the form of: (1) requiring Defendants to follow emergency "man down" procedures; (2) "make the physical objections and medical assessments they are supposed to," (3) treat Plaintiff's "complaints seriously" and review Plaintiff's complaints with his primary care physician; (4) provide Plaintiff with his prescribed medication "on a timely basis," (5) refill his prescription medication "within a reasonable amount of time," (6) "prescribe an appropriate pain medication for his illness until a treatment plan is implemented;" (7) refer Plaintiff to a pain management treatment program; (8) "take and properly observe and test a stool sample of [Plaintiff's] for all possible causes" of Plaintiff's "severe abdominal pain and diarrhea; (9) perform "any other diagnostic tests that will result in a confirmed diagnosis of [Plaintiff's] diseases;" and (10) "restore [Plaintiff's] prescription for [Plaintiff's] gabapentin so that the pain from [Plaintiff's] injured hand is tolerable." (Id. at 20.)

To prevail on a motion for preliminary injunction, the moving party must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Counsel, Inc.*, 555 U.S. 7, 20 (2009). The Ninth Circuit has also "articulated an alternate formulation of the *Winter* test, under which 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Farris v. Seabrook*, 677 F.3d 848, 864 (9th Cir. 2012) (quoting *Alliance for the Wild Rockies v. Cottrell*,

632 F.3d 1127, 1135 (9th Cir. 2011.)

In his Motion, Plaintiff contends that his medical records establish that his condition has been "diagnosed as a chronic severe abdominal pain." (Pl.'s Mot. for PI at 7.) He further claims that "it is simply common sense and requires no medical expert at this stage" to find that his condition, if left untreated and undiagnosed, will "continue to worsen and most likely become permanent." (Id.)  Thus, Plaintiff maintains that his medical records demonstrate "a textbook definition of 'irreparable injury.'" (Id.)

In order to prevail on this Motion for Preliminary Injunction, Plaintiff must demonstrate that he is likely to succeed on the merits of his Eighth Amendment claim. Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60. By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a inmate's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing

*Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff's claims that the medical records attached to his motion for preliminary injunction show deliberate indifference is unsupported by the documents themselves. The majority of the "medical records" supplied by Plaintiff are simply a history of his administrative appeals with respect to his medical concerns. (ECF No. 119-1-13.) Defendants have supplied the declarations of Dr. Choo and Dr. Walker (ECF No. 92.) In Dr. Walker's declaration he states that Plaintiff has received medical treatment from medical professionals on at least forty seven (47) occasions between December 2010 and February 2012. (*See* Defs. Opp'n to PI at 4.) In addition, Dr. Choo has testified that she has reviewed Plaintiff's entire medical file which demonstrate he has received "extensive diagnostic examinations" including multiple stool samples, blood tests, colonoscopy with biopsy, x-rays of his abdomen, upper endoscopy, examinations by gastroenterologist, abdominal ultrasound, visits to hospital emergency rooms, and medications. (Id. at 11-12.) These were declarations provided to the Court and Plaintiff prior to Plaintiff's current moving papers which do not address any of these facts presented and documented by Defendants.

Plaintiff also cites to a number of California Business and Professions code sections that reference negligence. As stated above, mere "indifference,' 'negligence,' or 'medical malpractice" will not support not support an Eighth Amendment deliberate indifference claim. *Broughton*, 622 F.2d at 460. Moreover, Defendants have supplied expert declarations indicating that the treatment Plaintiff has received has fallen within the appropriate standard of care. While Plaintiff claims that there are "serious questions going to the merits" of whether the "applicable Defendant medical care providers have acted in accord with the applicable medical standard of care," (ECF No. 119 at 19) this claim is not supported by any evidence in the record supplied by Plaintiff.

The declarations supplied by the Defendants, which have not been disputed by Plaintiff, show that he has received and continues to receive the treatment which he asks for in his request for injunctive relief. For these reasons, the Court finds that Plaintiff is not entitled to the emergency injunctive relief he seeks.

### III.  Conclusion and Order

Accordingly, Plaintiff's Motion for Preliminary Injunction [ECF No. 11] pursuant to FED.R.CIV.P. 65 is **DENIED**.

**IT IS SO ORDERED**.

DATED:  January 31, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court